PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SHEILA A. FORTNER, ) | |
| ) | CASE NO. 1:11-cv-01879 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| LAKEWOOD HOSPITAL ASSOCIATION, ) | |
| ) | |
| Defendant. ) | **MEMORANDUM OF OPINION AND** |
| ) | **ORDER** (Resolving ECF No. 15) |

## I. INTRODUCTION

Before the Court is Plaintiff Sheila A. Fortner's Motion to Remand. ECF No. 15. Defendant Lakewood Hospital Association has filed a brief in opposition. ECF No. 16. For the following reasons, the Court grants the motion to remand.

## II. DISCUSSION

This suit is an employment law action originally filed in the Court of Common Pleas for Cuyahoga County, Ohio on August 3, 2011. ECF No. 1. On September 6, 2011, Defendant removed the case to this Court on the grounds that Plaintiff had asserted federal causes of action against Defendant, which granted the Court original jurisdiction. ECF No. 1. On February 15, 2012, Plaintiff filed an Amended Complaint (ECF No. 14), which eliminated Plaintiff's federal causes of action, and a motion to remand (ECF No. 15), which requested that the Court return the case to State court. After discussing the motion at an interceding Case Management Conference and agreeing to an abbreviated briefing schedule, on February 22, 2012, Defendant filed its

(11cv01879)

response in opposition. ECF No. 16. In its opposition, Defendant reminds the Court that while Plaintiff's federal claims are dismissed, the Court still retains supplemental jurisdiction. Defendant further states that "[g]iven the efforts of the parties before this Court to date, and in the interests of judicial efficiency, Defendant respectfully requests that the Court deny Plaintiff's Motion to Remand." ECF No. 16.

It is settled law that a district court may exercise jurisdiction over supplemental State law claims, even after the basis for removal to federal court has been eliminated, if recommended by a careful consideration of factors such as judicial economy, convenience, fairness, and comity. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988). But "[g]enerally, 'if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well.'" *Taylor v. First of America Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir. 1992) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Here, Plaintiff's have moved the Court to remand the case well before trial, discovery and the filing of dispositive motions which are not due until August 1, 2012. ECF No. 13. The work that has been done will benefit the parties in State court. The Court cannot identify efficiencies, judicial or otherwise, or other factors that weigh in favor of retaining jurisdiction over the State law claims. Thus, the Court declines to exercise supplemental jurisdiction, and grants Plaintiff's motion to remand the case to State court.

(11cv01879)

### III.  CONCLUSION

For the reasons discussed above, the Plaintiff's motion to remand (ECF No. 15) is hereby granted and the matter is closed on the docket of the undersigned.

IT IS SO ORDERED.

| | |
|---|---|
| February 24. 2012 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |